IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WILLIE J. MANNING (# 71931)**                                             **PLAINTIFF**

v.                                                                                             No. 4:09CV49-A-A

**CHRISTOPHER EPPS, ET AL.**                                                   **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Willie J. Manning, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Manning alleges that the defendants failed to protect him from the attack of another inmate, who threw scalding chemicals on him, and failed to treat him for the injuries he received in the attack. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On November 2, 2008, Manning was cleaning the tier (sweeping, mopping, and collecting trash) in preparation for a visit by the Commissioner of the Mississippi Department of Corrections. When he approached the cell of Devin Bennett, Bennett threw a scalding mixture of water, sugar, and some chemical on Manning and yelled obscenities at him. The two exchanged insults, and Manning took some papers sticking out from Bennett's cell. Manning continued cleaning. Manning did not tell any prison staff members that he had been injured; nor did he submit a sick call request form. Instead, when he was in the presence of prison staff, he tried to stand such that the staff could see his injuries, with the hope that the staff member would take

him to medical.  The plaintiff attempted this tactic repeatedly, and finally met with success on November 6, 2008, four days after the attack, when Ms. Wilson, who works with the law library, noticed Manning's injuries and asked him if he was alright.  Manning just shook his head.  Ms. Wilson must have notified others, as Captain Simon and Lt. Scott approached Manning to check on him.  Manning, however, refused to answer their questions – and refused to let them see the extent of his injuries, repeatedly telling Lt. Simon, "I am fine."  Later that night, two transportation officers asked Manning if he wanted to go to the clinic.  Manning again refused, signed a refusal form, and noted on the form, "There's nothing wrong with me."

The next day, Warden Lee and Lt. Scott arrived and both looked at the damage to Manning's face and neck, taking notes about his injuries.  Manning refused to lift his shirt to show his other injuries.  Lee and Scott asked more questions, but Manning refused to participate – and refused to sign the form on which Scott had been writing.  Finally, at least six prison staff members approached the plaintiff and said, "You have to go to the clinic."  This time, they tried to force Manning to go to the clinic.  Manning was afraid of being labeled a "snitch," and loudly protested, saying that he would not tell the staff anything.  Manning's attempts to stop the visit worked, and he was returned to his cell without any medical treatment.

Finally, on Sunday, November 9, 2008, Warden Rogers examined Manning in his cell and convinced Manning to accept medical attention, which Manning received beginning the next day.  A nurse told Manning that he had received some third degree burns – and that his treatment must continue until those wounds heal.

**Failure to Protect**

Manning claims that the defendants violated the Eighth Amendment prohibition against cruel and unusual punishment by failing to protect him from the attack of inmate Devin Bennett. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference is the standard for prisoner claims that prison staff failed to protect them. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). To meet this standard, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Manning has not met this standard. He alleges that weeks before he threw scalding liquid on Manning, Bennett had requested to be moved from the tier and had made his request both verbally and in writing to the Deputy Warden. Manning believes that the Deputy Warden and others should have viewed this request to be moved as a sign of danger to Manning, who walks the tier to clean it. This simply does not make sense, logically or practically. Manning has not alleged any facts which the prison administration could reasonably construe as a threat to him individually – or to others. Inmates request to be moved all the time; the prison administration cannot treat each request for a move as a threat to everyone on the tier. As the defendants had no notice that inmate Bennett posed a threat to Manning, they could not have acted to prevent Bennett's attack on Manning. This claim for relief shall therefore be dismissed for failure to state a claim upon which relief could be granted.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000).

Without doubt, Manning suffered needlessly for days after being burned; however his suffering arose wholly out of his *own* failure to notify the prison staff either by word of mouth or on paper that he had been injured. Not only that, once a staff member noticed Manning's injuries, he repeatedly refused to acknowledge that he was injured – and physically resisted any attempts to take him to medical for examination and treatment. Once Manning agreed to medical treatment (on a Sunday), he was examined by a physician and began a course of treatment the next day. Any delay in receiving medical treatment lies solely with Manning himself. As such, these allegations fail to state a claim upon which relief could be granted.

In sum, all of the plaintiff's allegations shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the ___15th___ day of June, 2009.

       __/s/ Sharion Aycock__
       **U. S. DISTRICT JUDGE**